IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANE E. MATHER, | ) | CIVIL NO. 14-00384 HG-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION FOR ORDER DECLARING |
| vs. | ) | PLAINTIFF DIANE E. MATHER |
| | ) | A VEXATIOUS LITIGANT; PRE- |
| FIRST HAWAIIAN BANK; | ) | FILING ORDER; ORDER |
| JONATHAN W.Y. LAI; EDWIN | ) | DENYING AS MOOT |
| C. NACINO, | ) | PLAINTIFF'S MOTION FOR |
| | ) | SANCTIONS AGAINST DAVID Y. |
| Defendants. | ) | NAKASHIMA UNDER AUTHORITY |
| | ) | F.R.CIV.P.RULE 11(1)(A) |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR ORDER DECLARING
PLAINTIFF DIANE E. MATHER A VEXATIOUS LITIGANT;
PRE-FILING ORDER; ORDER DENYING AS MOOT PLAINTIFF'S
MOTION FOR SANCTIONS AGAINST DAVID Y. NAKASHIMA
<u>UNDER AUTHORITY F.R.CIV.P.RULE 11(1)(A)</u>

Before the Court is Defendants First Hawaiian

Bank ("FHB") and Jonathan Lai's (collectively

"Defendants") Motion for Order Declaring Plaintiff

Diane E. Mather ("Plaintiff") a Vexatious Litigant

("Motion"), filed October 3, 2014.  Plaintiff filed an

Opposition on November 7, 2014, and Defendants filed

their Rely on November 17, 2014.

This matter came on for hearing on December 1,

2014.  Plaintiff appeared pro se and Thomas Berger,

Esq., appeared on behalf of Defendants.  After careful

consideration of the parties' submissions, the

arguments presented at the hearing, the records of all

other cases involving Plaintiff in this district,[1] and

the applicable law, the Court HEREBY GRANTS the Motion

for the reasons set forth below.

BACKGROUND

I.   Factual History Related to State Court Foreclosures

    A.   FHB Loans

Between 2008 and 2010, Plaintiff obtained four

loans from FHB:

(1) On June 17, 2008, FHB loaned Plaintiff

$224,000.00, which was secured by a first mortgage on

the real property located at 92-1323 Panana Street,

#44, Kapolei, Hawaii 96707 ("Panana Street Mortgage").

(2) On September 25, 2008, FHB loaned Plaintiff

$686,000.00, which was secured by a first mortgage on

the real property located at 1706 Dole Street,

Honolulu, Hawaii 96822 ("Dole Street Mortgage #1").

---

    [1]  The Court takes judicial notice of all of the
actions involving Plaintiff in this district.

(3) On November 5, 2008, FHB loaned Plaintiff an additional $20,000.00 on the Dole Street property, secured by a second mortgage ("Dole Street Mortgage #2").

(4) On February 28, 2010, FHB loaned Mather Real Estate LLC $50,000.00, which was secured by a second mortgage on the real property located at 1348 Wanaka Street, Honolulu, Hawaii 96818 ("Wanaka Street Mortgage").

B. <u>Fraudulent Documents</u>

In 2012, Plaintiff filed a number of fraudulent documents in the Bureau of Conveyances of the State of Hawaii ("Bureau") and the Office of the Assistant Registrar of the Land Court of the State of Hawaii ("Land Court"), in an attempt to remove FHB's liens from the Dole Street, Wanaka Street, and Panana Street properties. Plaintiff also attempted to create false security interests in FHB assets.

C. <u>FHB Special Proceeding</u>

After learning of Plaintiff's fraudulent filings, FHB commenced a special proceeding in state

court on April 17, 2012, to expunge certain of
Plaintiff's fraudulent filings.  FHB prevailed and
obtained an order for expungement and judgment for
expungement.

    D.   <u>State Court Foreclosure Actions</u>

    1.   <u>Dole Street</u>

On December 6, 2012, FHB commenced a
foreclosure action in state court, Civil No. 1-12-3080,
with respect to the two mortgages on the Dole Street
property.  FHB prevailed and the property was sold at
public auction on January 14, 2014.

    2.   <u>Panana Street</u>

On January 15, 2013, FHB commenced an action in
state court, Civil No. 13-1-0111-01, to foreclose on
the Panana Street mortgage.  FHB prevailed against
Plaintiff, but a written order has yet to issue because
FHB is engaged in ongoing settlement discussions with
the other defendants in the case.

    3.   <u>Wanaka Street</u>

On January 25, 2013, FHB initiated an action in
state court to foreclose on the Wanaka Street mortgage,

Civil No. 13-1-0214-01.  FHB prevailed and the sale of the property to FHB was confirmed on March 24, 2014. Territorial Savings Bank ("TSB"), which held a first mortgage on the Wanaka Street property, also commenced a foreclosure action, Civil No. 12-1-3307 ECN, and obtained a separate foreclosure order.

II. <u>Procedural History</u>

Plaintiff commenced this action on August 28, 2014,[2] challenging the Wanaka Street foreclosure proceedings.  On September 19, 2014, Defendants responded by filing a Motion to Dismiss "Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983" [Doc. 1] For Lack of Subject Matter Jurisdiction and For Failure to State a Claim.  Doc. No. 11.

On September 22, 2014, Defendant The Honorable Edwin Nacino filed a Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed on August 28, 2014.  Doc. No. 13.

_____

[2]  The Complaint was entered on August 29, 2014, but was file stamped on August 28, 2014.

5

On October 3, 2014, Defendants filed the instant Motion.

On October 6, 2014, Plaintiff filed two documents: 1) "Motion to Strike Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Response to Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201; Mandatory Judicial Notice of F.R.C.P. Rule 201," Doc. No. 19, and 2) "Response to Defendants' First Hawaiian Bank and Jonathan W.Y. Lai's Motion to Dismiss Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983; and; Motion For Injunctive and Declaratory Relief Under Authority of 28 U.S.C. § 2201." Doc. No. 20. Senior U.S. District Judge Helen Gillmor struck the foregoing documents for failure to conform with the Federal Rules of Civil Procedure ("FRCP"). Doc. No. 24.

On October 23, 2014, Plaintiff filed responses to the motions to dismiss, along with a Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201 and Motion For Preliminary Injunction.  Doc. Nos. 25 & 26.  Judge Gillmor struck the Motion for Declaratory Relief because it contained no factual or legal arguments in support of Plaintiff's request.  Doc. No. 29.

On November 7, 2014, Plaintiff filed a Motion for Sanctions Against David Y. Nakashima Under Authority F.R.Civ.P.Rule 11(1)(A).[3]  Doc. No. 33.

On November 10, 2014, Plaintiff filed a Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201.  Doc. No. 35.

On November 18, 2014, Judge Gillmor issued an Order Granting Defendants First Hawaiian Bank and Jonathan W.Y. Lai's Motion to Dismiss "Verified

---

[3]  This motion is set for hearing on December 22, 2014.  Although the motion seeks sanctions against David Nakashima, Plaintiff repeatedly misidentifies him as Brian Nakashima throughout the motion.  Moreover, the subsection of FRCP 11 cited by Plaintiff does not exist.

Complaint and Claim Under Authority of 42 U.S.C.

§ 1983" (ECF No. 11); Granting Defendant The Honorable

Edwin Nacino's Motion to Dismiss With Prejudice

Verified Complaint and Claim Under Authority of 42

U.S.C. § 1983 (ECF No. 13); Denying Motion For

Preliminary Injunction (ECF No. 26); and Denying Motion

for Declaratory Relief Under Authority of 28 U.S.C.

§ 2201 (ECF No. 35) ("11/18/14 Order").  Doc. No. 42.

Judge Gillmor is holding in abeyance the final order

dismissing this action until the disposition of this

Motion.  Doc. Nos. 39 & 42.

On November 28, 2014, Plaintiff filed a "Motion

for Findings of Fact and Conclusions of Law Pursuant

F.R.Civ.P. Rule 52(a)" and a "Motion to Vacate Under

Authority of F.R.Civ.P. Rule 60(b)(4) This Courts

November 18, 2014 Orders."  Doc. Nos. 45 & 46.

DISCUSSION

I.  <u>Vexatious Litigant Motion</u>

Defendants request that the Court issue a pre-

filing order that prohibits Plaintiff from filing

further complaints and pleadings related to the state

court foreclosure actions without first obtaining leave of court. Defendants characterize this and other similar actions filed in this district as frivolous and submit that a narrowly-tailored pre-filing order would still permit Plaintiff to access the courts. Plaintiff contends that this Motion is an attempt to deprive her of meaningful access to law and to deny her of her constitutional rights. Plaintiff believes that her filings are not frivolous because she has suffered injuries.

The Court has the inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter pre-filing orders against vexatious litigants. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Under the appropriate circumstances, "courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions.'" Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)). One such form of restriction is "enjoining litigants with lengthy

histories." Id. (citation omitted). Courts cannot tolerate "[f]lagrant abuse of the judicial process . . . because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Molski, 500 F.3d at 1057 (alteration in original).

However, "pre-filing orders should rarely be filed," De Long, 912 F.2d at 1147, because "[t]he right of access to the courts is a fundamental right protected by the Constitution." Ringgold-Lockhart, 761 F.3d at 1061 (citation omitted). "In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." Id. at 1062.

Given the constitutional underpinnings of the right to court access, courts must comply with the following procedural and substantive requirements before issuing pre-filing orders:

> (1) give litigants notice and "an
> opportunity to oppose the order before it
> [is] entered"; (2) compile an adequate
> record for appellate review, including "a
> listing of all the cases and motions that

> led the district court to conclude that a
> vexatious litigant order was needed"; (3)
> make substantive findings of frivolousness
> or harassment; and (4) tailor the order
> narrowly so as "to closely fit the
> specific vice encountered."

Id. (quoting De Long, 912 F.2d at 1147-48) (alteration in original).  Factors (1) and (2) are procedural, while factors (3) and (4) are substantive.  Id.  The Ninth Circuit has found that these considerations employed by the Second Circuit provide a helpful framework in applying the substantive factors:

> (1) the litigant's history of litigation
> and in particular whether it entailed
> vexatious, harassing or duplicative
> lawsuits; (2) the litigant's motive in
> pursuing the litigation, e.g., does the
> litigant have an objective good faith
> expectation of prevailing?; (3) whether
> the litigant is represented by counsel;
> (4) whether the litigant has caused
> needless expense to other parties or has
> posed an unnecessary burden on the courts
> and their personnel; and (5) whether other
> sanctions would be adequate to protect the
> courts and other parties.

Id. (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).  The last factor is particularly important.  Id.

A.  <u>Notice and Opportunity to be Heard</u>

In the present case, the Court provided proper notice to Plaintiff of the hearing on this Motion. Doc. No. 21.  Moreover, Plaintiff was afforded, and availed herself of, the opportunity to file a written response and orally present her arguments at the hearing.  <u>Molski</u>, 500 F.3d at 1058-59 (concluding that the plaintiff had fair notice of the possibility that he would be declared a vexatious litigant because the defendants had filed a motion, served on the plaintiff's counsel, and the plaintiff had an opportunity to oppose the motion in writing and at a hearing).  The Court therefore concludes that the first requirement is satisfied.

B.  <u>Adequate Record for Review</u>

The Ninth Circuit requires district courts to create an adequate record for review.  To do so, courts "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed."  <u>Id.</u> at 1059; <u>see also Ringgold-Lockhart</u>, 761 F.3d at 1063 (deeming

adequate discussion of litigation history leading to
the district court's order, appended list of 21
district court filings, including motions that
supported order, and citation to a prior case as well
as the subject case in the body of the order); Molski,
500 F.3d at 1059 (deeming adequate complete list of the
cases filed by the plaintiff in the Central District of
California, along with the complaints from many of
those cases, and outline/discussion of many (though not
all) cases filed by the plaintiff). "At the least, the
record needs to show, in some manner, that the
litigant's activities were numerous or abusive." De
Long, 912 F.2d at 1147.

Attached as Appendix A is a listing of all
cases in this district involving Plaintiff, along with
the subject matter and disposition of each case.[4]  All
but one of the listed cases have been dismissed or

--------

[4]  The Court has not attached copies of the
complaints because they are voluminous.  However, the
attached listing of all civil actions would enable a
reviewing court to easily access the complaints through
cm/ecf, if necessary.

remanded.  Plaintiff argues that the miscellaneous cases should not be counted against her because they were not complaints and they were mistakenly filed. The Court finds it difficult to believe that anyone could "mistakenly" commence six actions, particularly when three were filed on January 27, 2013, and the other three were not filed until February 7, 2013. Moreover, the initiating documents titled "REQUESTED JUDICIAL REVIEW OF A PRIVATE ADMINISTRATIVE PROCESS" are not excepted from consideration as part of the frivolousness analysis merely because Plaintiff did not title them "complaints".  In any event, although the miscellaneous cases (all of which were converted to civil cases) are demonstrative of the duplicative and baseless nature of Plaintiff's filings,[5] they alone were not determinative of the Court's frivolousness/ harassment finding.

---

[5]  Civil Nos. 13-00045 SOM-RLP and CV 13-00065 JMS-RLP contain identical initiating documents.  So too do Civil Nos. 13-00049 LEK-RLP and 13-00069 LEK-KSC.

14

Appendix B, attached hereto, lists a sampling of motions from Plaintiff's cases, as well as the disposition of those motions. Appendix C is a sampling of Plaintiff's unintelligible and/or unfounded assertions contained in her submissions. The Court believes that these appendices, when coupled with the additional discussion below, provide a complete and adequate record for review.

C. <u>Substantive Findings of Frivolousness or Harassment</u>

Before the district court may issue a pre-filing order, it must make substantive findings as to the frivolous or harassing nature of Plaintiff's actions. <u>Ringgold-Lockhart</u>, 761 F.3d at 1064. To assess frivolousness, courts "must look at both the number and content of the filings." <u>Id.</u> There is no numerical definition for frivolousness. <u>Id.</u> Rather, courts "[must] make a finding that the number of complaints was inordinate." <u>Id.</u> (alteration in original). Litigiousness alone is insufficient; a "plaintiff's claim must not only be numerous but also

be patently without merit." <u>Id.</u> (citing <u>Molksi</u>, 500 F.3d at 1059 (citation omitted)).

Alternatively, courts may make a finding that a "litigant's filings 'show a pattern of harassment.'" <u>Id.</u> (quoting <u>De Long</u>, 912 F.2d at 1148). That a litigant files particular types of actions repeatedly does not alone amount to harassment. <u>Id.</u> The Court must instead "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." <u>Id.</u> (citations and quotations omitted).

In considering this third requirement, the Court will discuss the Second Circuit's <u>Safir</u> factors.

1. <u>Frivolousness, Vexatiousness, Harassment, and/or Duplication</u>

Here, as reflected in the attached appendices, Plaintiff's actions and filings are numerous and meritless, focusing largely on her discontentment with the outcome of the foreclosure proceedings in state

court.[6]  All but one of the actions have been decided

against Plaintiff[7] and, with the exception of motions

_____

[6]  In Civil No. 14-00082 DKW-RLP and Civil No. 14-
00091 SOM-RLP, Magistrate Judge Richard Puglisi issued
Orders Denying Defendant First Hawaiian Bank's Motion
for Order Declaring Plaintiff Diane E. Mather a
Vexatious Litigant.  He concluded that, as of June
2014, Plaintiff's filings were not sufficiently
numerous or frivolous to warrant a vexatious litigant
order.  However, he left open the possibility that such
an order might be entered in the future if Plaintiff's
subsequent filings were frivolous or harassing in
nature.  This Court finds that a sufficient number of
frivolous and/or harassing filings have been submitted
by Plaintiff since June 2014 to justify the issuance of
a vexatious litigant order, as detailed in this Order
and the attached appendices.  Specifically, three new
actions have been filed, five actions have been
dismissed, and a number of Plaintiff's frivolous
motions have been denied or stricken.

[7]  The only case that has yet to be dismissed is
Civil No. 14-00429 SOM-RLP, but there is a pending
motion to dismiss.  Because Plaintiff has reasserted
claims that she was previously told were not viable, it
is reasonable to expect that the aforementioned action,
like all of the others, will eventually be dismissed.
Civil No. 14-00429 SOM-RLP, Doc. No. 20 at 2 ("In Civil
No. 14-00091 SOM/RLP filed here in federal court,
Mather attempted to undo and unwind the state-court
orders and judgments, adding claims against David
Nakashima and Jonathan Lai, the attorneys who
represented First Hawaiian Bank in the foreclosure
proceedings.  On September 15, 2014, final judgment was
entered in that federal case.  On September 18, 2014,
Mather sought relief from that final judgment, asking
in part for leave to file another amended complaint
asserting a claim under 18 U.S.C. § 1964.  That motion

for extensions of time and a couple of motions to
amend, Plaintiff's frivolous motions have been denied
or stricken.  Not only have Plaintiff's filings been
numerous, particularly for a period of just under two
years,[8] but they are patently without merit.  In this
case alone, Judge Gillmor struck three of Plaintiff's
"motions" for failure to comply with the FRCP and due
to the absence of factual or legal arguments in support

---

was denied on September 18, 2014.  Mather did not file
a timely appeal in the earlier case.  Instead, on
September 26, 2014, Mather filed a new case, asserting
the claim under 18 U.S.C. § 1964 against First Hawaiian
Bank, Nakashima, and Lai that she had asked to be
allowed to file in the previous case.  On November 5,
2014, Mather clarified that the new action involves the
same property, same loan, and same Defendants as the
earlier action.").

[8]  Admittedly, the number of actions filed by
Plaintiff and/or removed by Plaintiff are less than
those deemed numerous by some other courts.  Ringgold-
Lockhart, 761 F.3d at 1065 (citing numbers found
"inordinate" by multiple circuit courts - 400 similar
cases, 35 actions filed in 30 jurisdictions, 50
frivolous cases, 600-700 cases).  However, relative to
the size of this district and caseload, Plaintiff's
filings are significant.  Six of Plaintiff's 16 actions
have been filed between February and September of this
year, and only 539 civil actions have been filed to
date in this district.  Under the circumstances, and
based on the frivolousness of the filings, the number
of Plaintiff's filings is inordinate.

18

of the relief sought. Plaintiff's actions are
essentially appeals of the state court foreclosure
actions and each of the orders dismissing these actions
have clearly articulated why the Court is without the
authority to review such actions. Yet Plaintiff
persists with her misguided endeavor to obtain relief
to which she is not entitled. The fact that Plaintiff
has filed 16 actions and a number of motions lacking
viable legal bases, between January 2013 and September
2014, establishes frivolousness.[9] Shiraishi v. United
States, Civil No. 11-00471 LEK, 2011 WL 4625723, at *11
(D. Haw. Sept. 30, 2011) (finding frivolous the
plaintiff's five civil actions, filed in a seven month
period, based on the fact that the plaintiff serially
filed lawsuits alleging the same claim because he was
dissatisfied with the rulings he had received); Maxwell
v. MOAB Inv. Grp., LLC, Case No. 14-cv-03095-WHO, 2014

---

[9] Plaintiff accuses Defendants of attempting to
mislead the Court into perceiving her as vexatious.
The Court's in-depth review of Plaintiff's cases and
filings, not Defendants' reference to the same, has
convinced the Court that she is vexatious.

WL 4757429, at **1-4 (N.D. Cal. Sept. 24, 2014) (deeming vexatious litigants who, "[b]etween April 2009 and July 2014, . . . brought four lawsuits in state court, two in federal district court, and one adversary proceeding in federal bankruptcy court, all aimed at maintaining possession of the property."). Indeed, even after facing repeated defeat and the dismissal and closure of cases, Plaintiff has attempted to resurrect her claims.

In Civil No. 14-00082 DKW-RLP, which was dismissed on July 31, 2014, Plaintiff, on November 12, 2014, filed a motion to vacate the court's order granting the defendants' motion to dismiss and denying her motion to amend. Typical of Plaintiff's filings, the motion was nonsensical and utterly lacked merit. Following is an excerpt of the motion:

> This Court has acted in contempt of
> process by invoking the Rooker-Feldman
> doctrine which has long been interred.
> NOTE: Judge Derrik [sic] K. Watson has
> contravened United States Supreme Court
> precedent proving that the Rooker/Feldman
> doctrine has been abolished. NOTE: A
> question exists: Is Derrik [sic] K.
> Watson's dismissal in this instant case an

> indication that Derrik [sic] K. Watson is
> exacerbating over the United States
> Supreme Court's supervisory influence?

Civil No. 14-00082 DKW-RLP, Doc. No. 52 at ¶ 3. The

motion to vacate was denied on November 21, 2014. <u>Id.</u>,

Doc. No. 54. A virtually identical version of the

foregoing motion to vacate was filed in Civil No. 14-

00091 SOM-RLP, following the dismissal of the case on

September 15, 2014. Civil No. 14-00091 SOM-RLP, Doc.

No. 51. After the denial of the motion, <u>id.</u>, Doc. No.

52,[10] Plaintiff filed two additional motions to vacate

orders that are currently awaiting disposition. <u>Id.</u>,

Doc. Nos. 53 & 54. In the present case, on November

28, 2014, Plaintiff filed a 1) Motion for Findings of

Fact and Conclusions of Law Pursuant to F.R.Civ.P. Rule

52(a) and 2) Motion to Vacate Under Authority of

F.R.Civ.P. Rule 60(b)(4) This Courts November 18, 2014

---

[10] In the Order Denying Motion For Relief From
Final Judgment and Order, Chief U.S. District Judge
Susan Oki Mollway expressed concerns about Plaintiff's
use of the judicial process to delay and hinder state
court foreclosure proceedings. Civil No. 14-00091 SOM-
RLP, Doc. No. 52 at 2.

Orders.[11]  The latter motion is substantially similar to the FRCP 60(b)(4) motions already denied in Civil Nos. 14-00091 SOM-RLP and 14-00082 DKW-RLP.  The repeated filing of the same meritless motions in the same and different cases within this district further evidences the frivolity of Plaintiff's filings.

Denials of motions on the same bases by multiple judges within this district seem only to fuel Plaintiff's vexatiousness, rather than convince her that her cases and filings are exercises in futility. To wit, Plaintiff has attempted to circumvent rulings in dismissed cases by filing new frivolous actions.  In Civil No. 14-00082 DKW-RLP, for example, Plaintiff sought leave to amend her complaint to assert due process claims.  Her request was denied because the proposed due process claims would be barred by the Rooker-Feldman doctrine.  Plaintiff responded by filing Civil No. 14-00391 DKW-BMK, in which she asserted the

---

[11]  Plaintiff also filed the same motions in Civil Nos. 14-00391 DKW-BMK and 14-00139 LEK-BMK on November 28, 2014, and November 21, 2014, respectively.

very due process claims she was disallowed from raising in Civil No. 14-00082 DKW-RLP. Plaintiff likewise filed Civil No. 14-00429 SOM-RLP in response to adverse rulings in Civil No. 14-00091 SOM-RLP. Therefore, in addition to repeatedly challenging dismissal orders well after the termination of a case, Plaintiff relies on new civil actions to raise claims she was prohibited from asserting in previously dismissed actions, and which she was informed were futile.

Plaintiff's actions can also be said to constitute an intent to harass Defendants and/or the Court. The Court's decision rests on both the repeated filing of similar actions/documents and on the content of Plaintiff's filings within each action. Plaintiff has filed actions against state court judges simply because she disagreed with their actions or rulings. Moreover, her childish insults and unfounded allegations against opposing counsel - calling Mr. Nakashima a "[c]rybaby" and accusing him of "work[ing] a **<u>fraud on this court</u>** regarding prior litigation," Opp'n at ¶¶ 2 & 10 - exemplify the harassing nature of

23

her filings.  Plaintiff further seeks Rule 11 sanctions against Mr. Nakashima to "amend [his] bad behavior," accusing him of committing felony fraud by advancing this Motion.  Plaintiff clearly harbors resentment towards Defendants, defense counsel, and the judges who presided over the foreclosure actions.  Plaintiff will continue to misuse the judicial process to harass entities and individuals until she attains the relief she seeks.  Unfortunately, she will never be satisfied because she has no legal basis for the relief sought.

Plaintiff's pattern of circumventing rulings and accusing judges in this district who have ruled against her of misconduct also demonstrates an intent to harass the Court.  There is no indication that Plaintiff will ever recognize that litigation attacking and/or challenging the state court foreclosure actions has no place in federal court and she will continue to harass Defendants, the defendants in the other actions, and the Court with serial lawsuits and filings if she is not restricted.

Even in the cases in which Plaintiff was a defendant, her filings were frivolous and duplicative. For example, Plaintiff improperly removed state court actions to this district in Civil Nos. 13-00239 SOM-BMK, 13-00294 JMS-RLP, and 13-00352 LEK-KSC. All of these cases were ultimately remanded to state court. Characteristic of Plaintiff's frivolity, she twice removed the Wanaka Street foreclosure action to this district. <u>See</u> Civil Nos. 13-00294 JMS-RLP and 13-00352 LEK-KSC. Civil No. 13-00294 JMS-RLP was remanded because there was no basis for diversity or federal question jurisdiction.

After the remand of the aforementioned action to state court and the closure of the case on July 8, 2013, Plaintiff again removed the Wanaka Street foreclosure action on July 17, 2013 (Civil No. 13-00352 LEK-KSC). The notices of removal were identical in Civil Nos. 13-00294 JMS-RLP and 13-00352 LEK-KSC, save for Plaintiff's dated signature. While the Court acknowledges that three removals are not numerous, they were patently without merit because there was no legal

basis for removal, and Plaintiff re-removed the Wanaka Street foreclosure action <u>after</u> she was informed that jurisdiction was lacking.  Thus, even if the removals standing alone would not warrant a finding of frivolousness, the fact that they occurred in addition to Plaintiff's other frivolous filings certainly bolsters the Court's conclusion that Plaintiff's actions are frivolous.

The above examples, along with those contained in the appendices, satisfy the "substantive considerations" identified by the Ninth Circuit.  These examples establish a pattern of frivolous and/or harassing litigation that Plaintiff has initiated in this Court.

2.  <u>Plaintiff's Motive</u>

Although Plaintiff's precise motive is unknown, it appears that she is using the federal district court in her bid to undo the state court foreclosures.  Based on her filings, Plaintiff believes that she is entitled to redress in federal court.  Given the many rulings entered with respect to the same legal issues, however,

Plaintiff cannot possibly have an <u>objective</u> good faith expectation of prevailing. She may have a subjective good faith expectation, but said expectation is not grounded in reality, fact, or law. Multiple well-reasoned dismissal orders have issued, clearly setting forth the absence of any legal bases for Plaintiff's claims, followed by orders detailing the reasons Plaintiff is not entitled to relief from those dismissal orders. Plaintiff's misplaced belief that she is entitled to relief does not make it so. <u>Cf.</u> Civil No. 13-00294 JMS-RLP, Doc. No. 7 at 4 ("[M]erely stating that the court has jurisdiction does not make it so.").

> 3. <u>Representation by Counsel</u>

In considering this Motion, the Court takes into account the fact that Plaintiff is proceeding pro se. While this factor weighs in favor of Plaintiff, it is so heavily outweighed by the other factors that Plaintiff's pro se status will not preclude the entry of a pre-filing order. A litigant's pro se status does not exempt him or her from a vexatious designation. In

a number of Plaintiff's submissions, she notes that pro se pleadings are held to less stringent standards and/or that the court must liberally construe her pleadings because she "is not law trained".  The judges in this district liberally construed Plaintiff's filings and pleadings, but nevertheless concluded that they were without merit.  Although pro se parties are generally afforded some leniency and concessions, they are still expected to comply with all rules, statutes, and orders.  Local Rule 83.13.

4.    Expense to Other Parties and Unnecessary Burden on the Courts and Their Personnel

Plaintiff's actions unquestionably caused Defendants (as well as the defendants in the other actions) to expend unnecessary time, resources, and money to defend against her frivolous filings.  The Court recognizes that it must protect and facilitate a litigant's right to access the courts.  However, the Court must also consider the burden to Defendants.  It would be inequitable to force Defendants to defend against the same frivolous claims and motions.

Likewise, the Court and its personnel are unduly burdened by having to adjudicate and re-adjudicate Plaintiff's frivolous claims and motions.  The Court has expended a disproportionate amount of time interpreting and addressing Plaintiff's incoherent and unintelligible submissions.  Further abuse of the judicial process by Plaintiff will not be tolerated because it unjustifiably monopolizes judicial time and detracts from the due consideration owed to the meritorious claims of other litigants.  <u>Molski</u>, 500 F.3d at 1057.

     5.   <u>Sufficiency of Alternative Sanctions to Protect the Court and Other Parties</u>

The Court has carefully considered whether remedies other than a pre-filing order[12] could control Plaintiff's behavior and concludes that lesser

---

    [12]  For example, the Court considered sanctions available under Federal Rule of Civil Procedure 11(c)(4), which "include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).

sanctions would be ineffective because Plaintiff has not been deterred in the least by the many decision issued against her. She continues to file multiple actions and motions raising the same arguments considered and rejected in prior actions. Under different circumstances, the Court might first impose monetary sanctions against Plaintiff for the expenses, including attorneys' fees, incurred by defense counsel in connection with the defense of this and other cases. However, based on its thorough review of all of the cases filed in this district, and its familiarity with Plaintiff and her antics, the Court finds that monetary sanctions would not dissuade Plaintiff from filing countless other non-meritorious actions and motions in this district relating to the state court foreclosure actions.[13] The rather substantial filing fees have not

---

[13] There is no question that nonmonetary directives would be completely ineffective, as Plaintiff has demonstrated that she is unable to comply with court orders. In addition to ignoring the many rulings against her, Plaintiff has failed to meet many deadlines imposed by court orders. Whether attributable to a lack of diligence or pure disregard, Plaintiff has elected not to cure defects, even when

discouraged her, and Plaintiff's prior and recent filings suggest that she will likely continue to file similar actions and motions due to her dissatisfaction with the disposition of previously filed motions and actions. Notwithstanding the host of rulings against her, Plaintiff shows no signs of slowing. And in fact, the frequency and number of Plaintiff's filings (or at least her submission of motions) appear to be increasing. Furthermore, at the hearing, Plaintiff indicated that she will file appeals and she believes that she will enjoy greater success on appeal. Plaintiff insists that her pleadings have been well-pled and that she has been injured.

As discussed above, Plaintiff's numerous actions and filings have burdened the Court and Defendants, and will continue to do so until a pre-filing order issues. Even then, the Court and its personnel will be required to review proposed submissions presented by Plaintiff. A pre-filing order

---

presented with opportunities to do so.

is not a means for the Court to avoid Plaintiff's filings altogether. Because the Court will narrowly tailor the pre-filing order, as it must, Plaintiff's access to the Courts will merely be restricted, not eliminated. For these reasons, the Court finds that the only appropriate sanction under the circumstances is a pre-filing order.

In sum, the Court finds that the third <u>De Long</u> requirement is satisfied because the <u>Safir</u> factors weigh strongly in favor of limiting Plaintiff's ability to engage in future frivolous litigation related to the state court foreclosure actions.

D. <u>Narrowly Tailored Vexatious Litigant Order</u>

Inasmuch as the Court has determined that Plaintiff is a vexatious litigant, based on its evaluation of the <u>De Long</u> requirements and <u>Safir</u> factors, the entry of a pre-filing order is appropriate and necessary. Defendants request an order requiring Plaintiff to obtain leave of court before filing any complaint or pleading that alleges misconduct by FHB, Central Pacific Bank ("CPB"), Mortgage Electronic

Registration Systems ("MERS"), TSB, and/or any of their agents or attorneys in connection with the Dole Street, Panana Street, or Wanaka Street foreclosures, or the underlying foreclosure in the CPB action.[14]  At the hearing, Defendants requested that the pre-filing order also include restrictions on actions against state and federal court judges.  In view of the multiple actions filed in this district, and Plaintiff's pattern of frivolous filings, the Court agrees[15] and additionally finds that it is necessary to include any state court foreclosure proceedings involving Plaintiff and all

---

[14]  The CPB foreclosure action involved a real property located at 98-854 Noelani Street, #67, Pearl City, Hawaii 96782.  Plaintiff challenged the CPB foreclosure action in Civil No. 14-00139 LEK-BMK.

[15]  Plaintiff cries foul everytime an adverse ruling issues against her, and accuses the judge who issues the adverse ruling of misconduct.  If Plaintiff is permitted to file actions against all of the judges in this district who rule against her, as did the plaintiff in Shiraishi v. United States, Civil No. 11-00741 LEK, the Court will be forced to designate cases to out-of-district judges.  Given the multiple actions filed against state court judges, it is reasonable to expect that Plaintiff may resort to filing actions against the judges in this district based on her belief that adverse rulings are tantamount to misconduct.

lenders or lenders' agents/attorneys involved in said proceedings because Plaintiff has demonstrated that she will run to federal court each time she is dissatisfied with the disposition of a state court foreclosure action, even though she cannot challenge a state court judgment here.

Because the actions and filings deemed frivolous by this Court relate to Plaintiff's challenges to state court foreclosure proceedings, the pre-filing order set forth below is appropriate and narrowly tailored to address Plaintiff's vexatious conduct; that is, it "closely fit[s] the specific vice encountered." Ringgold-Lockhart, 761 F.3d at 1061.

By imposing the foregoing parameters in the pre-filing order, Plaintiff's access to the courts will not be restricted in full. Plaintiff may still file other civil actions unrelated to state court foreclosure actions without leave of court, though she is reminded of her obligation to comply with FRCP 11(b) and all other applicable rules and statutes.

II. <u>Pre-filing Order</u>

The following order governs future filings by Plaintiff:

(1) Plaintiff must obtain leave of court prior to filing

(a) any complaint or pleading that

(i) pertains to state court foreclosure proceedings involving Plaintiff, including but not limited to the Dole Street, Panana Street, Wanaka Street, Noelani Street, or Nihipali Place[16] properties; or

(ii) alleges misconduct related to said state court foreclosures by lenders, including but not limited to FHB, CPB, MERS, TSB, their agents, and their attorneys; or

(iii) alleges misconduct by state judges who have presided/are presiding over said state court foreclosure actions or federal judges who have presided/are presiding over actions related to said state court foreclosure actions;

(b) any motions or amended or supplemental pleadings in any of her pending (or terminated)

---

[16] Plaintiff represented at the hearing that the only state court foreclosure action involving her that is currently pending pertains to the real property located at 3645 Nihipali Place.

lawsuits in this district related to the state court foreclosure proceedings.

(2) If Plaintiff wishes to file any of the above-referenced documents, she must submit a proposed copy of the document to the Clerk's office.  Any such document pertaining to real property must specifically and particularly identify the real property at issue. The Clerk's office will lodge the document and submit it to the appropriate judge, who will determine whether to grant leave to file the document.

(3) When Plaintiff submits an initiating document, i.e., a complaint, the Clerk's office will hold the filing fee pending a decision about whether leave will be granted to file the document.  If leave is granted, the filing fee will be processed.  If leave is denied, the filing fee will be returned to Plaintiff.

III.    Rule 11 Sanction Motion

Given the granting of this Motion, Rule 11 sanctions are clearly not warranted against Mr. Nakashima, as the fact that Defendants prevailed establishes that Mr. Nakashima did not violate FRCP

11(b).  Accordingly, the Court DENIES Plaintiff's Motion for Sanctions Against David Y. Nakashima Under Authority F.R.Civ.P.Rule 11(1)(A), filed November 7, 2014, as MOOT.  The December 22, 2014 hearing on the motion is HEREBY VACATED.

CONCLUSION

In accordance with the foregoing, the Court HEREBY:

(1) GRANTS Defendants' Motion;

(2) ISSUES a Pre-filing Order as set forth above; and

(3) DENIES as moot Plaintiff's Motion for Rule 11 Sanctions against David Nakashima.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 2, 2014.





Kevin S.C. Chang
United States Magistrate Judge

CV 14-00384 HG-KSC; MATHER V. FIRST HAWAIIAN BANK, ET AL; ORDER GRANTING DEFENDANTS' MOTION FOR ORDER DECLARING PLAINTIFF DIANE E. MATHER A VEXATIOUS LITIGANT; PRE-FILING ORDER; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DAVID Y. NAKASHIMA UNDER AUTHORITY F.R.CIV.P.RULE 11(1)(A)

Civil No. 14-00384 HG-KSC <u>Mather v. First Hawaiian Bank, et al.</u> - **APPENDIX A**

| Actions Involving Plaintiff in the U.S. District Court for the District of Hawaii | | | | |
|---|---|---|---|---|
| Case No. | Case Name | Date Filed | Subject Matter | Disposition |
| CV13-00045-SOM-RLP (formerly MC 13-00024 SOM-RLP) | Mather v. U.S. Government et al. | 1/25/13 | Requested judicial review of a private administrative process, attaching loan documents related to the Panana Street Mortgage (same documents as CV 13-00065 JMS-RLP). | Judgment pursuant to the Deficiency Order (failure to pay the filing fee or file an application to proceed in forma pauperis). |
| CV13-00049 LEK-RLP (formerly MC 13-00025 LEK-BMK) | Mather v. U.S. Government et al. | 1/25/13 | Requested judicial review of a private administrative process, attaching loan documents related to the Dole Street Mortgage #1 (same documents as CV 13-00069 LEK-KSC). | Dismissal without prejudice (failure to comply with FRCP 8 and failure to pay the filing fee or an application to proceed in forma pauperis). |
| CV 13-00050 LEK-KSC (formerly MC 13-00026 LEK-KSC) | Mather v. U.S. Government et al. | 1/25/13 | Requested judicial review of a private administrative process, attaching loan documents related to the Dole Street Mortgage #2. | Dismissal without prejudice (failure to comply with FRCP 8 and failure to pay the filing fee or an application to proceed in forma pauperis). |

| CV 13-00065 JMS-RLP (formerly MC 13-00034 JMS-BMK) | Mather v. First Hawaiian Bank | 2/7/13 | Requested judicial review of a private administrative process, attaching loan documents related to the Panana Street Mortgage (same documents in CV 13-00045 SOM-RLP). | Order Dismissing Action for failure to pay the filing fee or file an application to proceed in forma pauperis. |
|---|---|---|---|---|
| CV 13-00068 LEK-KSC (formerly MC 13-00035 LEK-KSC) | Mather v. Bank of Hawaii | 2/7/13 | Requested judicial review of a private administrative process, attaching loan documents related to a Panana Street loan with Bank of Hawaii. | Judgment pursuant to the Deficiency Order (failure to pay the filing fee or file an application to proceed in forma pauperis). |
| CV 13-00069 LEK-KSC (formerly MC 13-00036 LEK-KSC) | Mather v. First Hawaiian Bank | 2/7/13 | Requested judicial review of a private administrative process, attaching loan documents related to the Dole Street Mortgage #1 (same documents as CV 13-00049 LEK-RLP). | Judgment pursuant to the Deficiency Order (failure to pay the filing fee or file an application to proceed in forma pauperis). |
| CV13-00239 SOM-BMK | Nazemi, et al. v. Wrona, et al. | 5/15/13 | Removal of state court action. | Case remanded to state court with findings that removal was untimely and that diversity and federal question jurisdiction were lacking. |

| CV 13-00294 JMS-RLP | First Hawaiian Bank v. Mather Real Estate, LLC, et al. | 6/10/13 | Removal of the Wanaka Street Mortgage foreclosure action. | Case remanded to state court because there was no basis for diversity or federal question jurisdiction. |
|---|---|---|---|---|
| CV 13-00352 LEK-KSC | First Hawaiian Bank v. Mather Real Estate, LLC, et al. | 7/17/13 | Removal of the Wanaka Street Mortgage foreclosure action (same action as in CV 13-00294 JMS-RLP). | Case remanded to state court because there was no basis for federal jurisdiction and cautioning Plaintiff that "multiple attempts to remove the same action based on the same grounds are improper." |
| CV 13-00436 LEK-KSC | Mather v. Nakasone | 8/30/13 | Action alleging that the Honorable Karen T. Nakasone, who presided over Nazemi, et al. v. Wrona, et al., the state court action that was improperly removed by Plaintiff then remanded (CV 13-00239 SOM-BMK), breached her fiduciary duties and committed a tort against Plaintiff by failing to settle and close the case. | Dismissal for lack of jurisdiction. The court initially sua sponte dismissed the action without prejudice with leave to amend, but ultimately dismissed with prejudice because Plaintiff did not file an amended complaint by the provided deadline. |

| CV 14-00082 DKW-RLP | Mather, et al. v. Territorial Savings Bank, et al. | 2/18/14 | Action stemming from the Wanaka Street property loans that have since been foreclosed upon in state court.  Plaintiff asserted the following claims: 1) lack of standing to foreclose; 2) fraud in the concealment; 3) fraud in the inducement; 4) intentional infliction of emotional distress; 5) quiet title; 6) slander of title; 7) declaratory relief; 8) violations of the Truth in Lending Act ("TILA"); 9) violations of the Real Estate Settlement Procedures Act ("RESPA"); 10) violations of the Consumer Protection Act ("CPA"); 11) rescission; and 12) for an accounting. | Dismissal of action as time-barred, declination of supplemental jurisdiction over the state law claims, and denial of request to amend because the proposed Federal Debt Collections Practices Act ("FDCPA"), civil Racketeer Influenced and Corrupt Organizations ("RICO"), and due process claims would be barred by the Rooker-Feldman doctrine. |
| --- | --- | --- | --- | --- |

| CV14-00091 SOM-RLP | Mather v. First Hawaiian Bank, et al. | 2/25/14 | Action stemming from the Dole Street property loans that have since been foreclosed upon in state court.  Plaintiff asserted the following claims: 1) lack of standing to foreclose; 2) fraud in the concealment; 3) fraud in the inducement; 4) intentional infliction of emotional distress; 5) quiet title; 6) slander of title; 7) declaratory relief; 8) violations of the TILA; 9) violations of RESPA; 10) rescission; and 11) for an accounting. | Dismissal of action as time-barred, declination of supplemental jurisdiction over the state law claims, with leave to amend.  Rather than filing an amended pleading, Plaintiff filed a motion to amend.  Said motion was denied because the 69-page proposed amended complaint violated FRCP 8, included improper challenges to the state court proceedings, and the proposed claims were futile under the law of the case doctrine, Rooker-Feldman doctrine, issue and claim preclusion, among other reasons.  Plaintiff was granted another opportunity to seek leave to amend, but failed to do so, which resulted in the ultimate dismissal of the action. |

| CV 14-00139 LEK-BMK | Mather v. Central Pacific Bank, et al. | 4/10/14 | Action stemming from loans issued as to a property located at 98-854 Noelani Street, #67, Pearl City, Hawaii 96782, that have since been foreclosed upon in state court. Plaintiff asserted the following claims: 1) lack of standing to foreclose; 2) fraud in the concealment; 3) fraud in the inducement; 4) intentional infliction of emotional distress; 5) quiet title; 6) slander of title; 7) declaratory relief; 8) violations of the TILA; 9) violations of RESPA; 10) rescission; and 11) for an accounting. | Action dismissed for lack of standing and failure to cure defects in the pleadings after having two opportunities to do so. |
|---|---|---|---|---|
| CV 14-00384 HG-KSC (instant action) | Mather v. First Hawaiian Bank, et al. | 8/28/14 | Action requesting that the district court exercise appellate review of the state court Wanaka Street foreclosure order and judgment. | Action dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, and failure to state a claim as to Defendant The Honorable Edwin C. Nacino because absolute judicial immunity applies. |

| CV 14-00391 DKW-BMK | Mather v. Territorial Savings Bank, et al. | 9/3/14 | Action requesting that the district court review TSB's state court foreclosure action regarding the Wanaka Street property. These claims were determined to be futile in CV 14-00082 DKW-RLP and Plaintiff's request to amend to add such claims was denied. | Action dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine and claims against Judge Nacino failed because he is protected by absolute judicial immunity. |
|---|---|---|---|---|
| CV 14-00429 SOM-RLP | Mather v. First Hawaiian Bank, et al. | 9/26/14 | Action seeking to assert claims under 18 U.S.C. § 1964 regarding the Dole Street foreclosure, which Plaintiff previously asserted in CV 14-00091 SOM-RLP. It was determined that Plaintiff was collaterally estopped from asserting that FHB or its attorneys violated RICO based on misrepresentations FHB's attorneys allegedly made to the state court in the foreclosure proceedings because the state court determined that FHB owned the loans. | Pending disposition of the defendants' motion to dismiss. |

Civil No. 14-00384 HG-KSC <u>Mather v. First Hawaiian Bank, et al.</u> - **APPENDIX B**

| Sampling of Plaintiff's Motions Practice | | |
|---|---|---|
| Case No. | Motions | Disposition |
| CV14-00091 SOM-RLP | • Verified Motion for Leave to Amend Complaint and Add Party<br>• Verified Motion to Compel Discovery From Defendant First Hawaiian Bank<br>• Motion Under Authority of F.R.Civ.P R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal<br>• Motion Under Authority of F.R.Civ. P. R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal (challenging order denying motion to amend/compel)<br>• Motion Under Authority of F.R.Civ. P. R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal (challenging 6/24/14 order of dismissal) | • Denied (8/22/14)<br>• Denied (8/22/14)<br><br>• Denied (9/18/14)<br><br>• Pending disposition<br><br><br>• Pending disposition |
| CV 14-00082 DKW-RLP | • Verified Motion to Compel Discovery From Defendant First Hawaiian Bank<br>• Motion Under Authority of F.R.Civ.P R. 60(b)(4) for Vacation of This Court's July 31, 2014 Order Granting Defendant First Hawaiian Bank's Motion to Dismiss and Denying Plaintiff Mather's Motion to Amend (identical to that filed and denied in CV 14-00091 SOM-RLP) | • Case dismissed prior to disposition<br>• Denied (11/21/14) |
| CV 14-00139 LEK-BMK | • Motion for Leave to File Second Amended Verified Complaint<br>• Motion Under Authority of F.R.Civ.P R. 60(b)(4) for Vacation of This Court's October 31, 2014 Order Granting Defendant's Motion to Dismiss<br>• Motion for Findings of Fact and Conclusions of Law Pursuant to F.R.Civ.P. Rule 52(a) | • Granted (7/25/14)<br>• Denied (11/28/14)<br><br><br>• Denied (11/28/14) |

| CV 14-00384 HG-KSC | • "Motion to Strike Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Response to Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201; Mandatory Judicial Notice of F.R.C.P. Rule 201" | • Stricken (10/15/14) |
|---|---|---|
| | • "Response to Defendants' First Hawaiian Bank and Jonathan W.Y. Lai's Motion to Dismiss Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983; and; Motion For Injunctive and Declaratory Relief Under Authority of 28 U.S.C. § 2201." | • Stricken (10/15/14) |
| | • Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201 | • Stricken (10/29/14) |
| | • Motion for Preliminary Injunction | • Denied (11/18/14) |
| | • Motion for Sanctions Against David Nakashima Under Authority F.R.Civ.P.Rule 11(1)(A) | • Denied as moot (12/1/14) |
| | • Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201 | • Denied (11/18/14) |
| | • Motion for Findings of Fact and Conclusions of Law Pursuant to F.R.Civ.P. Rule 52(a) | • pending |
| | • Motion to Vacate Under Authority of F.R.Civ.P. Rule 60(b)(4) This Courts November 18, 2014 Orders | • pending |
| CV 14-00391 DKW-BMK | • Motion for Findings of Fact and Conclusions of Law Pursuant to F.R.Civ.P. Rule 52(a) | • pending |
| | • Motion to Vacate Under Authority of F.R.Civ.P. Rule 60(b)(4) This Courts November 17, 2014 Order Granting Defendant's Motion to Dismiss | • pending |

| Sampling of Excerpts From Plaintiff's Filings | | |
|---|---|---|
| Case No. | Document | Excerpt |
| CV 13-00294 JMS-RLP | Denial of Order Remanding Action to the First Circuit Court of the State of Hawaii.  Doc. No. 8. | 2.  Affiant grants the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII jurisdiction to hear this action. . . . <br> . . . . <br><br> 5.  Affiant states that if the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII won't answer the question then a show cause hearing should result as to why the Court will not answer a federal question; why a tort claim should not issue for the federal judge to purge is contempt. <br> 6.  Affiant states that the only recourse remaining will be to take this matter to the United States Court of Appeals; as it appears that a United States Federal Judge is recusing a State Judge. <br> 7.  Affiant denies that Affiant is pro-se, and has clearly demonstrated status as the Trustee of the DIANE ELIZABETH MATHER TRUST.  Falsely labeling Diane Elizabeth Mather Trustee as Pro-se is slander and liable [sic].  Doc. No. 8 at 2-3. |
| CV14-00082 DKW-RLP | Verified Response in Opposition by Unsworn Declaration to Defendant First Hawaiian Bank's Motion for Order Declaring Plaintiff Diane E. Mather a Vexatious Litigant.  Doc. No. 27 | "I Diane Elizabeth Mather am in correct public capacity as a beneficiary to the Original Jurisdiction, being of majority age, competent to testify, a self-realized living woman, sui juris, without obligation of vassalage or fealty upon the land, my 'yes' be 'yes', my 'no' be 'no'."  Doc. No. 27 at 2. |

| CV 14-00091 SOM-RLP | • Motion Under Authority of F.R.Civ.P R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal. Doc. No. 51 | • GROUNDS FOR VACATION: While it is recognized that a Court has a duty to examine the pleadings of any case and dismiss the case when it appears that the Court is in want of jurisdiction, *ironically*, this Court lacked authority to dismiss this instant case, to wit:<br><br>  1. This Court's assertion that this Court is deprived of jurisdiction by *claim preclusion **presumes facts not in evidence, a violation of the Plaintiffs' [sic] due process rights and rights to equal protection of the laws***. NOTE: Susan Oki Mollway, in Judge Mollway's order of dismissal contravenes the F.R.E. by making the unverified and undocumented claim that the exact same claims were litigated in a Hawaii state court thus presuming facts not in evidence depriving Judge Mollway of dismissing this instant case on grounds of claim preclusion. Doc. No. 51 at 2. |
|---|---|---|
| | • Motion Under Authority of F.R.Civ. P. R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal (challenging order denying motion to amend/compel). Doc. No. 53 | • Absent this proof, the underlying court never had threshold jurisdiction to even consider the claim, worse yet, the entire action was a violation of 18 USC 1962, racketeering and for the Honorable Mollway to determine otherwise causes the Honorable Mollway to be guilty in re 18 USC 3. (2) The Honorable Mollway has misapplied law in a manner that suggests intent to conspire to violate 18 USC 1962. The Honorable Mollway is deemed to be highly intelligent, well educated, trained, and seasoned in the law and therefore is charged with the knowledge that a mortgage is not a lien on the property but rather a lien on the promissory note with the property as surety, ERGO before property can be taken by foreclosure, the original promissory not upon which it is a lien must be in evidence and in fact must be surrendered to the mortgagor. Doc. No. 53 at 2. |

| (cont.) | • Motion Under Authority of F.R.Civ. P. R. 60(b)(4) for Vacation of This Court's August 22, 2014 Order of Dismissal (challenging 6/24/14 order of dismissal).  Doc. No. 54 | • Absent this proof, a mortgage lien an in choate article and proceeding to take property on an in choate article is per se extortion in violation of 18 USC 1961.  Doc. 54 at 2-3. |

| | | |
|---|---|---|
| CV 14-00384 HG-KSC | • "Motion to Strike Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Response to Defendant Edwin C. Nacino's Motion to Dismiss With Prejudice Verified Complaint and Claim Under Authority of 42 U.S.C. § 1983, Filed August 28, 2014, and; Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201; Mandatory Judicial Notice of F.R.C.P. Rule 201". Doc. No. 19. | • **This court shall notice that this is a jurisdictional challenge placing the burden of proving jurisdiction on David M. Louie, Patricia Ohara and Robyn B. Chun to show under what authority the state's resources can be placed in jeopardy to enter as counsel and defend on behalf of employees acting outside the good faith scope of their employment**. Doc. No. 19 at 2.<br><br>FIRST PROPOSITION: The Fair Debt Collections Practices Act, 15 USC 1601 et seq. and common law authorities under the Act articulate due process rights. Third party debt collectors [sic] violation of alleged debtors due process rights under the Act deprive the court of subject matter jurisdiction rendering judgments foreclosing the alleged debt void.<br>Approved_____<br>Not Approved_____<br>Authority_____<br>Id. at 26-27. |
| | • Motion for Declaratory Relief Under Authority of 28 U.S.C. § 2201. Doc. No. 25 | • This court's determination that Diane E. Mather has been deprived of property without due process of law warrants vacation of the void judgment and damages to amend the bad behavior of First Hawaiian Bank and Jonathan W.Y. Lai. Doc. No. 25 at 6. |
| | • Motion For Preliminary Injunction. Doc. No. 26 | • Diane E. Mather will suffer insult, degradation, and deprivation of personhood by denial of this preliminary injunction.<br><br>2. Diane E. Mather is likely to prevail in this instant petition. The record in the underlying case makes Diane E. Mather's averments undeniable. Doc. No. 26 at 1-2. |

| (cont.) | • Motion for Sanctions Against David Nakashima Under Authority F.R.Civ.P.Rule 11(1)(A).  Doc. No. 33. | • 2.  Nakashima has breached the duty found at F.R.Civ.P. Rule 11 as even a cursory inquiry reveals that Nakashima works a fraud on this Court as the records in the state court actions filed by Central Pacific Bank, Territorial Savings Bank and First Hawaiian Bank reveal evidence of fraud, extortion, and racketeering.  Nakashima also has actual knowledge that Jonathan W.Y. Lai and First Hawaiian Bank have committed numerous criminal acts including fraud, mail fraud, and title fraud soiling the hands of both Nakashima, Lai and First Hawaiian Bank.  Doc. No. 33 at 2. |